UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LORVIN JAVIER ESCALANTE SALAZAR,

Petitioner,

v. Case No.: 2:26-cv-02224-SPC-KRH

UNITED STATES DEPARTMENT OF HOMELAND SECURITY *et al.*,

Respondents,

_______________________________________/

**OPINION AND ORDER**

Before the Court are Lorvin Javier Escalante Salazar's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).

Escalante Salazar is a native of Venezuela who entered the United States on November 7, 2016, on a B2 visitor visa allowing him to stay until May 6, 2017. Escalante Salazar applied for asylum on July 31, 2017, and it is currently pending before the Board of Immigration Appeals. He resides in Miami, Florida with his children and domestic partner, and he has no criminal history. On August 3, 2025, local police arrested Escalante Salazar because of his immigration status and handed him over to Customs and Border Patrol (CBP). CBP commenced removal proceedings by issuing a notice to appear and handed Escalante Salazar over to Immigration and Customs Enforcement. On

September 11, 2025, Immigration Judge Stuart Siegel denied Escalante Salazar's request for release on bond with a bare-bones order:

> Respondent has not met his burden in establishing that he is not a DTC/Public Safety Risk. Respondent has not met his burden in establishing he is not a suitable bail risk.

(Doc. 4-1 at 8). An immigration judge ordered Escalante Salazar removed on April 22, 2026, but Escalante Salazar appealed, so the removal order is not administratively final.

Escalante Salazar argues his continued detention violates the Due Process Clause of the Fifth Amendment. In response, the government argues Escalante Salazar's claims are moot because he already received a bond hearing. Not so. Escalante Salazar remains in ICE detention, and his Fifth Amendment claim challenging that detention still "presents a live controversy with respect to which the court can give meaningful relief." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

The government also points to a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). § 1226(e) does not apply here because Escalante Salazar does not ask the Court to review Judge Seigel's bond decision. Rather, he raises a bona fide due process claim challenging the constitutionality of his current, prolonged detention.

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks and citation omitted).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Escalante Salazar's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. While there is no hard limit on how long a noncitizen can be detained under § 1226(a), the longer the duration of Escalante Salazar's detention, the greater the deprivation of his right to liberty. In the context of post-removal-order detention under § 1231, the Supreme Court limited the presumptively reasonable period of detention to six months. *Id.* at 701. The Court noted "that Congress previously doubted the constitutionality of detention for more than six months." *Id.*

As the Supreme Court recognized in *Zadvydas*, facts that justify a brief period of detention might not justify a longer period of detention. *See id.* ("as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink"). The fact that Escalante Salazar's detention now exceeds twelve months and could continue indefinitely raises constitutional concerns. But under the status quo, Escalante Salazar has no opportunity to address them. The Court sees value in additional safeguards, like a bond hearing in which the government bears the burden of proof. *See Velasco Lopez v. Decker*, 978 F.3d 842, 853 (2d Cir. 2020) (comparing the ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention).

Third, the government has not established any legitimate interest in continuing to detain Escalante Salazar without presenting a justification. Remember: Judge Seigel put the burden of proof on Escalante Salazar. At no point since his detention began in August 2025 has ICE been required to show that either goal of immigration detention—to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community—outweighs Escalante Salazar's right to be free from physical restraint. A bond hearing where the government bears the burden of proof will preserve the two goals of immigration detention while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854.

The Court will thus order the respondents to either bring Escalante Salazar before an immigration judge for another bond hearing within ten days or release him under reasonable conditions of supervision while his removal proceeding is pending. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention. If the respondents are unable to ensure Escalante Salazar receives a bond hearing that complies with this Order within ten days, they must release him, but they may impose reasonable terms of supervision.

Accordingly, it is hereby

**ORDERED**:

Lorvin Javier Escalante Salazar's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Escalante Salazar for an individualized bond hearing before an immigration judge or (2) release Escalante Salazar under reasonable conditions of supervision. If the respondents release Escalante Salazar, they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on August 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record